Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COLUMBUS LIFE INSURANCE COMPANY,

*Plaintiff*,

v.

WILMINGTON TRUST, N.A., as Securities Intermediary,

*Defendant*.

Civil Action No. 20-7959

(JMV) (MF)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This case concerns a $5 million life insurance policy alleged to be an illegal stranger-oriented life insurance ("STOLI") policy (the "Policy"). Plaintiff Columbus Life Insurance Company ("Columbus Life"), the issuer of the policy, seeks a declaration from the Court that the policy is void *ab initio*. Defendant Wilmington Trust, N.A. ("Wilmington"), the owner and beneficiary of the policy, seeks to collect the policy's death benefit and has pleaded several affirmative defenses and counterclaims. Presently before the Court is Wilmington's motion for reconsideration of the Court's prior ruling that dismissed Wilmington's counterclaim for negligent misrepresentation. The Court reviewed all submissions made in support of the motion[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and

---

[1] Wilmington's moving brief will be referred to as "Mov. Br.," D.E. 34-1. Columbus's opposition brief will be referred to as "Opp. Br.," D.E. 38.

Local Civil Rule 78.1(b). For the reasons that follow, Defendant's motion for reconsideration is **DENIED**.

## I. BACKGROUND

The Court included an extensive factual background in its April 30, 2021 Opinion ("Prior Op."), which the Court incorporates by reference here. D.E. 30. Wilmington now moves for reconsideration of the Court's decision to dismiss without prejudice its counterclaim for negligent misrepresentation. Mov. Br. at 1.

## II. STANDARD OF REVIEW

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. The Court issued its Order on April 30, 2021. D.E. 30. Defendant filed its motion for reconsideration on May 14, 2021. D.E. 34-1. Accordingly, Defendant complied with this time requirement.

Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron,*

*Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

### III. ANALYSIS

Wilmington does not argue that an intervening change in controlling law or newly discovered evidence exists; rather, Wilmington contends that the Court "overlooked" "certain factual and legal issues." Mov. Br. at 2. Specifically, Wilmington submits that three errors were made in the Prior Opinion: (1) the Court misconstrued the alleged factual basis for the negligent misrepresentation counterclaim; (2) the Court conflated the standards for fraud and negligent misrepresentation; and (3) the New Jersey Supreme Court's decision in *Sun Life Assurance Company of Can. v. Wells Fargo Bank, N.A.* ("*Sun Life*"),[2] was "an inappropriate benchmark from which to determine whether Columbus Life's misrepresentations were actionable." *Id.* at 3, 9, 12.

As to the first alleged error, Wilmington argues that its counterclaim was premised upon allegations that Columbus Life believed the Policy was void *ab initio* and hid its intent to challenge the Policy for years. Mov. Br. at 3-4. Wilmington continues that the New Jersey Supreme Court's *Sun Life* decision has no bearing on the counterclaim because Columbus Life viewed the Policy as void and decided to challenge it "well before" *Sun Life* was decided. *Id.* at 4. Wilmington further argues that this Court overlooked the fact that "[s]ince November 2019, Columbus Life has filed at least eleven lawsuits seeking to invalidate high-value life insurance policies[.]" *Id.* at 5-6.

The Court disagrees. As set forth in the Prior Opinion, to state a claim for negligent misrepresentation, Wilmington must plausibly allege, among other things, that Columbus life "negligently made an incorrect statement of a past or existing fact." Prior Op. at 13 (quoting

---
[2] 208 A.3d 839 (N.J. 2019).

*Masone v. Levine*, 887 A.2d 1191, 1195 (N.J. Super. Ct. App. Div. 2005)). Wilmington's Counterclaim fails to allege any plausible bases as to how Columbus Life's statements about the validity of the Policy and its intention to pay it upon Goldman's death were incorrect at the time they were made. *Id.* at 13-14. Other than conclusory allegations that "Columbus has known since the issuance of the Policy of the facts that form the basis of its claim in this litigation that the Policy is void," CC ¶ 31, the Counterclaims include no plausible allegations that Columbus Life believed that the Policy was void *ab initio* at the time it was issued. Based on the allegations in the Counterclaims, the decision in *Sun Life* – which was issued June 4, 2019 – is the critical event that rendered the Policy (potentially) void *ab initio* and thus, rendered false Columbus Life's statements about the Policy's validity. Wilmington failed to plausibly allege that statements about the Policy's validity made before *Sun Life* were false. Prior Op. at 14.

Wilmington's argument that the Court "overlooked" Columbus Life's "egregious pattern of conduct" is not a basis for reconsideration. Wilmington's brief acknowledges that "[*s*]*ince November 2019,* Columbus has filed at least eleven lawsuits seeking to invalidate high-value life insurance policies." Mov. Br. at 6 (emphasis added). This demonstrates that it was not until *after* the *Sun Life* decision that Columbus Life began efforts to invalidate certain policies and supports the Prior Opinion's reasoning that the issuance of the *Sun Life* decision is the earliest time at which the Policy and other similar polices were deemed void *ab initio*, per the allegations included in the Counterclaim. Contrary to Wilmington's assertion in its moving brief, it was not "clearly alleged that Columbus Life made that decision years before [*Sun Life*] was decided and then concealed that secret intention, including through a series of false representations for years." Mov. Br. at 7. The Court did not misconstrue or overlook Wilmington's factual basis for its negligent

misrepresentation claim. Rather, it rejected the basis for failing to plausibly allege a claim. As a result, the Court will not reconsider its ruling on this ground.

As for second alleged ground for reconsideration, Wilmington asserts that the Court conflated the legal standards for negligent misrepresentation and fraud. Wilmington argues that the Court incorrectly imposed a scienter requirement. Mov. Br. at 9. The Court disagrees. As clearly articulated in the Prior Opinion, the Court applied the following standard: "In order to sustain a cause of action based on negligent misrepresentation, the plaintiff must establish that the defendant negligently made an incorrect statement of a past or existing fact, that the plaintiff justifiably relied on it and that his reliance caused a loss or injury." Prior Op. at 13 (quoting *Masone v. Levine*, 887 A.2d 1191, 1195 (N.J. Super. Ct. App. Div. 2005)). This standard is in accord with the standard Wilmington provided in its opposition to the motion to dismiss the counterclaim. D.E. 13 at 7 ("Under New Jersey law, the elements of a negligent misrepresentation claim are "an incorrect statement, negligently made and justifiably relied on, which results in economic loss." *Caspersen ex rel. Samuel M.W. Caspersen Dynasty Tr. v. Oring*, 441 F. Supp. 3d 23, 38 (D.N.J. 2020) (citation omitted)).[3]

Wilmington takes issue with the Court's statement that "Wilmington fails to allege any plausible facts to support its assertion that Columbus knew, or should have known, that the Policy was unenforceable when it was procured in 2007." Prior Op. at 14. The Court's use of "knew or should have known" did not inject a scienter element into this claim. Rather, this language came

---

[3] Wilmington now submits that the Court should have followed a standard articulated in an unpublished opinion from the New Jersey Superior Court, Chancery Division that was issued in 2006. "[A] motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached." *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). The Court reviewed Wilmington's recitation of the law and confirmed that it was the appropriate standard. Wilmington's disagreement is essentially with itself as it now advocates a legal standard that is in conflict with its own prior position.

5

from Wilmington's allegations supporting the negligent misrepresentation claim: "Columbus was negligent in making these statements and/or in concealing material facts . . . in connection with the Policy because *Columbus knew or should have known* that they were false[.]" CC ¶ 66 (emphasis added). As discussed in note 3, Wilmington is essentially now attacking its own prior allegations. As set forth in the Prior Opinion, to state a claim for negligent misrepresentation under New Jersey law, Wilmington must establish that the challenged statements were both incorrect and negligently made. Prior Op. at 13. Wilmington plausibly alleged neither of these required elements. The Court will therefore not reconsider its ruling on this ground.

Finally, the Court rejects Wilmington's final basis for reconsideration – that the Court created an inappropriate bright line because *Sun Life* did not change New Jersey law. As detailed in the Prior Opinion, *Sun Life* established for the first time that under New Jersey law, a STOLI policy is void *ab initio*. Prior Op. at 6-8. Wilmington's allegations that Columbus Life knew such policies were void *ab initio* before the New Jersey Supreme Court made this ruling are simply not plausible. Moreover, this Court did not create a bright line test for negligent misrepresentation claims. As discussed above, the issuance of the *Sun Life* decision was the only event alleged in the Counterclaims that demonstrated the Policy – if ultimately deemed to be a STOLI – was void. Prior Op. at 14-15. Prior to that decision, there is no basis alleged in the Counterclaims from which this Court could conclude that statements about the validity of the Policy were false. As a result, the date of that decision is important in ascertaining the falsity of Columbus Life's representations, and in evaluating whether the statements were made negligently.

Because Wilmington fails to fulfill its burden, the motion for reconsideration is denied.

## IV. CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this 16th day of July, 2021,

**ORDERED** that Plaintiff's motion for reconsideration, D.E. 34, is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.